ELIZABETH HOSLEY et al., Appellants, v. JOSEPH SHILLINGLAW
et al., Appellees.

**LIMITATION OF ACTIONS:** Computation of Period—Setting Aside
1  **Will—Tolling of Statute.** The right to bring an action to set
aside a will which provides for a certain trust may be brought.
before the appointment of either executor or trustee. The death
of such trustee and delay in appointing his successor present no
circumstance contemplated by Sec. 3447-a, Code Supp., 1907 (Code
Supp., 1913, same), as excusing a delay of more than five years in
bringing such action.

**STIPULATIONS:** Construction—Former Ruling of Court—Effect.
2  A correct ruling on a motion to strike will not be rendered erro-
neous by a subsequent stipulation between counsel that the motion
shall be deemed a demurrer, even though the motion assigned
reasons or grounds not assignable on demurrer.

**STIPULATIONS:** Construction—Changing Nature of Pleading—
3  **Propriety.** The practice of counsel agreeing that a motion shall
have the force and effect of a demurrer is condemned.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

SATURDAY, NOVEMBER 27, 1915.

REHEARING DENIED THURSDAY, MAY 4, 1916.

ACTION to set aside the will of Andrew Shillinglaw on the
ground of mental incompetency and undue influence. The
defendants pleaded the statute of limitations, in that the action
was not commenced within five years after notice of the filing
of the will of decedent. This plea was sustained by the trial
court, and the plaintiffs appeal.—*Affirmed.*

*Wesley Martin,* for appellants.

*A. N. Boeye* and *O. J. Henderson,* for appellees.

EVANS, C. J.—I. The will in question purported to be
executed in October, 1902. The testator died July 3, 1907.
The will was filed July 13, 1907, and notice of such filing was

duly published July 18, July 25, and August 1, 1907. This action to set the same aside was begun in September, 1912. The devising portions of the will in question are as follows:

"I give, devise and bequeath, all my property, both real and personal, after my just debts and funeral expenses have been paid, in trust, to M. H. Brinton, of Ellsworth, Hamilton County, Iowa, to be held and managed by the said M. H. Brinton for the support and keeping of Joseph Shillinglaw and William Shillinglaw, my nephews, during their lifetime. After the death of both the above named, Joseph Shillinglaw and William Shillinglaw, I direct said trustee, M. H. Brinton, to sell and convey all my property and distribute the proceeds as follows:

"First, to Jennie (Shillinglaw) Claussen, my niece, the sum of $500 over and above her share as a legal heir. The balance to be divided among my legal heirs, except Allen Shillinglaw, a nephew, who after having been paid for his labor is to have only $100."

The plaintiffs are the certain beneficiaries of the will whose interests are made subject to the trust for the benefit of Joseph and William Shillinglaw, the defendants, during the lifetime of said *cestuis que trustent.*

1. LIMITATION OF ACTIONS: computation of period: setting aside will: tolling of statute. Plaintiffs moved to strike the plea of the statute of limitations on the ground that it was filed too late. This motion was overruled. Thereupon the plaintiffs filed an amendment to their petition and also a reply to the answer, in each of which they pleaded an avoidance of the statute of limitations. The facts thus pleaded were that M. H. Brinton, who is named as trustee in the will, died on June 6, 1912; "that his will was not probated until the October term, 1912;" that the present trustee, P. O. Peterson, was not appointed until the 8th of November, 1912. The contention is that these facts, under the provisions of Code Supp. Section 3447-a, constitute an avoidance of the plea of the statute of limitations. · On motion of the defendants, these allegations were stricken out as being

irrelevant and immaterial. The plaintiffs refusing to plead, further judgment was entered dismissing their petition. The real question, therefore, in the case is as to whether Code Section 3447-a is available to the plaintiffs in avoidance of the statute. Such section is as follows:

"That in all cases where by the death of the party to be charged, the bringing of an action against his estate shall have been delayed beyond the period provided for by statute, the time within which action may be brought against his estate is hereby extended for six months from the date of the death of said decedent."

The argument for appellants is that Brinton as trustee necessarily took the legal title of the Shillinglaw estate and that he was therefore a necessary party to an action to set aside the will. The terms of the statute do not reach the claim of the plaintiffs. In an action to set aside the will of Shillinglaw, Brinton was not "the party to be charged." The action to be brought was not "against his (Brinton's) estate." The extension of time which the statute grants is to actions which "may be brought against his (Brinton's) estate." Brinton's estate has no manner of interest in this proceeding. Brinton's executor would not even be a proper party to this proceeding. It appears from the pleadings that Brinton was appointed executor of the will. It does not appear that he accepted his appointment as trustee. Indeed, the petition alleges that the "trust was not executed by the said Brinton in his lifetime." We think it clear that the plaintiffs' right of action to set aside the will was in no manner dependent upon the acceptance of the trust by Brinton; nor dependent upon the actual appointment of any trustee; nor dependent upon the appointment of an executor. There was no legal impediment to the commencement of this action before any appointment of either executor or trustee. When appointed, they were appropriate parties, but they were not essential to the institution of the suit. This suit was actually begun in September, 1912, by serving notice upon the beneficiaries and

entitling the case against them alone.  This was proper and it was a beginning of the suit, notwithstanding the death of the first executor, Brinton.  The death of Brinton, therefore, could not have caused any necessary delay in a mere commencement of the action.  The order of the trial court sustaining the plea of the statute of limitations was therefore proper.

II.  A question of practice is presented for our consideration.  After the court had ruled upon the respective motions of the parties, counsel agreed of record that the defendants' motion to strike should be deemed a demurrer and the plaintiffs would stand upon their petition as amended; and judgment was entered accordingly.  It is now urged by appellants that the defendants' motion to strike their pleading was based only upon the ground that it was "irrelevant and immaterial," and that such are not grounds of demurrer.  Manifestly, such are not grounds of demurrer.  For that reason, counsel ought not to have agreed to treat them as such.  They chose, however, to do so.  The order of the trial court sustaining the defendants' motion was right when it was made.  It could not be rendered erroneous by agreement of counsel to treat the motion as a demurrer.  We are concerned only as to the correctness of the ruling, and not as to the propriety of the agreement of counsel.

*2. STIPULATIONS: construction: former ruling of court: effect.*

Agreement of counsel to treat a motion as a demurrer, and to treat this or that as something else, is a practice not to be commended.  It sometimes saves a little labor for the moment, and just as often results in confusion later on.  We are not friendly to the practice; but when counsel enter into such agreement, it will not be repudiated here for the purpose of reversal.  It is our conclusion that the plea of the statute of limitations was properly sustained, and the order of the trial court is accordingly—*Affirmed.*

*3. STIPULATIONS: construction: changing nature of pleading: propriety.*

DEEMER, WEAVER and PRESTON, JJ., concur.